**In the Matter of M.C.S.**

**Appeal of DISTRICT OF COLUMBIA (Two Cases).**

**and**

**In the Matter of O.V.**

**Nos. 87–273, 87–288.**

District of Columbia Court of Appeals.

Argued Feb. 2, 1989.
Decided March 15, 1989.

Mary L. Wilson, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellant.

Robert W. Michels, Washington, D.C., appointed by the court, for appellee M.C.S.

Beverly G. Stone, appointed by the court, for appellee O.V.

David A. Reiser, Public Defender Service, Washington, D.C., for amicus curiae. James Klein and Scott Howe, Public Defender Service, Washington, D.C., filed a brief for the amicus curiae.

Before ROGERS, Chief Judge, and MACK and TERRY, Associate Judges.

PER CURIAM:

Appellant, the District of Columbia, appeals from the trial court's order placing appellees M.C.S. and O.V., juveniles adjudged delinquent in unrelated cases consolidated on appeal, to the Glen Mills School in Concordville, Pennsylvania. Appellant contends that the trial court erred in so committing appellees without first allowing the Department of Human Services Residential Review Committee (DHS) to evaluate appellees and recommend a proper placement to the court. Finding this contention to be without merit, we affirm.[1]

---

1. The amicus curiae has suggested that this case is moot because both appellees have now completed the Glen Mills program. We find this case live, however, because it is "capable of repetition, yet evading review." *Honig v. Doe,* 484 U.S. 305, 108 S.Ct. 592, 601–04, 98 L.Ed.2d 686 (1988); *United States v. Edwards,* 430 A.2d 1321, 1324 n. 2 (D.C.1981) (en banc), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982).

## I

Appellee M.C.S. was presented before the Family Division in a juvenile proceeding for unauthorized use of a vehicle·on November 8, 1986, when he was fifteen years old. His prior history included an abuse and neglect case and earlier delinquency petitions. After he pled guilty, the court ordered that the Division of Social Services (DSS) prepare a predisposition report for the dispositional hearing scheduled March 3, 1987. After considering the report, which recommended placement in a stable environment apart from his own home situation, the court discussed placement alternatives with counsel, including the possibility of placement at the Glen Mills School. David Deming, a representative of the Glen Mills School, was present at the dispositional hearing and gave testimony that, in his opinion, M.C.S. was well-suited for placement there and could benefit from the Glen Mills program. The court then heard M.C.S. affirm his willingness to be placed at Glen Mills and the Corporation Counsel object that such placement would be inappropriate without review by DHS, before deciding to order the placement. The court committed M.C.S. to DHS with instructions to place him at the Glen Mills School. Finally, the court scheduled a review hearing for April 22, 1987, where a DHS caseworker later reported that the placement should continue, and the court in fact did continue the placement.

O.V. was presented before the Family Division on November 25, 1986, in an unrelated juvenile proceeding for unauthorized use of a vehicle. At the time he was sixteen years old, and living with his grandmother under protective custody as the result of an abuse and neglect case settled earlier in the year. O.V. also had a previous record of juvenile delinquency. On December 17, 1986, O.V. pled guilty to attempted unauthorized use of a vehicle, and the trial court ordered DSS to prepare a predisposition report for a disposition hearing scheduled February 10, 1987. Further orders for physical and mental examinations and educational assessments were later ordered. The predisposition report recommended against placement with O.V.'s family, and instead called for placement in a "therapeutic, supportive environment." The court heard all parties, including the DSS social worker, Verna Young, who advised the court that she had submitted information about O.V. to the Glen Mills School, and that, after interviewing O.V., the school had accepted him. After considering the predisposition report, the testimony of a Glen Mills representative, and the arguments of counsel (including the Corporation Counsel's objection to placement without DHS review), the court committed O.V. to DHS with instructions that he be placed at the Glen Mills School. Finally, at a commitment review hearing held March 17, 1987, DHS and DSS both submitted reports recommending continuation of the placement, and the court followed these recommendations.

## II

Appellant asks that we now reverse placement orders in which DHS itself later acquiesced, on the basis of an isolated statement in one case, *In re J.J.*, 431 A.2d 587 (D.C.1981). To accede to this request, we would be stretching the governing statute far beyond its plain meaning. It should be emphasized that *J.J.* has nothing to do with placement procedures and referrals, but rather, with what agency must bear the expenses of a placement once made. *J.J.* thus stands for the proposition that DHS cannot be required to pay for services for a delinquent juvenile until the Family Division has transferred custody to DHS. *Id.* at 590. Here, of course, custody in each of the consolidated appeals was transferred to DHS under orders to place appellees at the Glen Mills School. While it is true that the *J.J.* court indicated, in dictum, that the Family Division must consider the recommendations of DHS, *id.* at 591 (construing D.C.Code §§ 16–2319, –2320 (1978 Supp.)), the language of the law itself requires only that "the Division shall direct that a predisposition study and report to the Division be made by the *Director of Social Services or a qualified agency designated by the Division....*" D.C.Code § 16–2319(a) (1981) (emphasis supplied).

We emphasize that the report required is that of the Director of Social Services, and not that of the Department of Human Services. DSS is a court agency distinct from DHS, which is an administrative agency within the executive branch of the District government. Here, we note, such a report was ordered and considered by the Family Court in each of the cases now consolidated on appeal.

Accordingly, because we discern no error in the procedure followed by the Family Court in either case consolidated before us, the orders on appeal are

AFFIRMED.